**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 26-1016

Caption [use short title]: Freeman v. Deebs-Elkenaney

**Motion for:** Leave to File Amicus Brief

Set forth below precise, complete statement of relief sought:

The National Society of Entertainment and Arts Lawyers requests that this Court grant its motion and allow the attached amicus brief in support of plaintiff-appellant to be filed.

**MOVING PARTY:** The National Society of Entertainment and Arts Lawyers

**OPPOSING PARTY:** Appellees

☐ Plaintiff ☐ Defendant

☐ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Victoria Mulvey

**OPPOSING ATTORNEY:** Amy L. Nashon

[name of attorney, with firm, address, phone number and e-mail]

| Moving Attorney | Opposing Attorney |
|---|---|
| 310-546-7400 | 310-789-1245 |
| 1108 Manhattan Ave, Unit B, Manhattan Beach, CA 90266-5313 | TroyGould PC 1801 Century Park East, Suite 1600 Los Angeles, CA 90067 |
| vmulvey@blakelylawgroup.com | anashon@troygould.com |

Court- Judge/ Agency appealed from: United States District Court for the Southern District of New York 22-cv-2435 (CM) (SN)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☒ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No

Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested? ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☒ No If yes, enter date:

**Signature of Moving Attorney:**

**Date:** August 5, 2026 Service : ☒ Electronic ☐ Other [Attach proof of service]

# 26-1016-CV

IN THE

## United States Court of Appeals

FOR THE SECOND CIRCUIT

LYNNE FREEMAN,

*Plaintiff-Appellant*,

---v.---

TRACY DEEBS-ELKENANEY, p/k/a TRACY WOLFF; ENTANGLED PUBLISHING LLC; EMILY SYLVAN KIM; PROSPECT AGENCY, LLC; HOLTZBRINCK PUBLISHERS LLC, d/b/a MACMILLAN; and UNIVERSAL CITY STUDIOS LLC,

*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, Case No. 22-cv-2435

**MOTION ON BEHALF OF *AMICUS CURIAE* THE NATIONAL SOCIETY OF ENTERTAINMENT AND ARTS LAWYERS FOR LEAVE TO FILE AMICUS BRIEF AND PROPOSED AMICUS BRIEF**

**Steven T. Lowe, Esq.**
Lowe & Associates
8383 Wilshire Boulevard, Suite 1038
Los Angeles, California 90211
(310) 477-5811
steven@lowelaw.com

*Attorney for The National Society of Entertainment & Arts Lawyers*

**Victoria Mulvey, Esq.**
Blakely Law Group
1108 Manhattan Ave, Unit B,
Manhattan Beach, CA 90266
(310) 546-7400
vmulvey@blakelylawgroup.com

*Attorney for The National Society of Entertainment & Arts Lawyers*

## Motion

Movant The National Society of Entertainment and Arts Lawyers, hereby respectfully requests leave under Federal Rule of Appellate Procedure 29(a)(3) to file the attached amicus curiae brief in the above-captioned appeal. In support of its Motion, amicus states as follows:

1. The National Society of Entertainment and Arts Lawyers ("NSEAL") is a nonprofit 501(c)(3) organization devoted to safeguarding the interests of creative professionals in the entertainment industry through dedicated legal advocacy. NSEAL was founded in 2013 as the California Society of Entertainment Lawyers and is now known as the National Society of Entertainment and Arts Lawyers. Its membership overwhelmingly consists of attorneys across the United States who represent authors, screenwriters, songwriters, musicians, and other creative professionals in the entertainment and arts industries. Its members have litigated thousands of entertainment and art cases in trial and appellate courts throughout the country, including many of the most important recent copyright, art, and entertainment cases. Because this case raises important questions about the scope of copyright protection for authors who build original works using genre conventions, NSEAL has an interest in its resolution.

2. NSEAL has submitted amicus briefs in support of the prevailing party in multiple Supreme Court cases, including *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014); *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178 (2022); *Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508 (2023); and *Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366 (2024)—all of which involved important issues of intellectual property law and artists' rights, and all of which reached conclusions consistent with the reasoning in NSEAL's briefs. NSEAL has also had its briefs accepted in multiple Ninth Circuit cases, including *Carroll Shelby Licensing, Inc. v. Halicki*, 138 F.4th 1178 (9th Cir. 2025) and *Gregorini v. Apple, Inc.*, No. 20-55664, 2022 WL 522307 (9th Cir. Feb. 22, 2022). *Gregorini* resulted in a decision consistent with positions advocated in NSEAL's brief in his opinion. *Id*. at *19. In the recent *Vetter v. Resnik*, No. 25-30108, 163 F.4th 951 (5th Cir. 2026), the court specifically cited approvingly to NSEAL's brief.

3. The attached brief explains that the district court's methodology—filtering out each element as a "trope" or "scènes à faire" before conducting the comparison—not only contradicts this Court's precedents but has the effect of dooming every creator to defeat. The brief also explains that the district court's category characterization of the plaintiff's manuscript undermined

the selection-and-arrangement doctrine by evaluating the author's choices at an impermissibly high level of abstraction. The brief further explains that the district court erred by refusing to consider either party's expert testimony on the question of substantial similarity. Finally, at the very least, the court should have submitted substantial similarity to a jury rather than deciding it on summary judgment based solely on its own reading and impression of the works. If left uncorrected, this approach will surely make it more difficult for authors who build original works from recognizable genre conventions to protect their creative expression. These legal issues are central to the district court's summary judgment ruling now on appeal, and amicus's perspective on these issues is therefore directly relevant to this Court's disposition of this appeal.

4. Pursuant to Rules 26.1 and 29(a) of the Federal Rules of Appellate Procedure, Amicus Curiae, The National Society of Entertainment and Arts Lawyers states that it is an association comprised primarily of lawyers in the entertainment industry formed in 2013, formerly known as California Society of Entertainment Lawyers; it does not offer stock; and it has no parent corporation.

5. In compliance with Rule 29(a)(4)(E), Counsel for the parties did not author this brief. The parties have not contributed to fund the preparation or

submission of this brief. No person other than NSEAL, its members, or its counsel contributed money that was intended to fund the preparation or submission of this brief. Because counsel for Appellant includes Doniger / Burroughs, and a partner of that firm serves as NSEAL's East Coast Director, NSEAL screened that individual and the firm from all participation in the preparation, review, approval, and funding of this brief. Neither Doniger / Burroughs nor any attorney affiliated with the firm participated in its preparation in any way.

6. In accordance with Second Circuit Local Rule 29.1, NSEAL requested consent of the parties to file the attached amicus brief. Plaintiff-Appellant consented to the filing. Defendants-Appellees did not consent to the filing.

7. As courts have recognized, amicus briefs "should… be allowed… when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.). NSEAL's perspective as an organization representing authors and entertainment lawyers provides important insight into the practical implications of the district court's standards for creative professionals. Since the majority of NSEAL members are attorneys specializing in entertainment and intellectual property law, NSEAL has a particular interest in ensuring

that authors who create original works by selecting and arranging genre elements receive appropriate copyright protection.

8. Based upon the foregoing, NSEAL respectfully requests that this Court grant its motion and allow the attached amicus brief to be filed.

Dated: August 5th, 2026.

By: *\/s\/* Victoria E. Mulvey

**Victoria E. Mulvey, Esq.**
Bar Number: 343220
*Counsel for The National Society of Entertainment & Arts Lawyers*

**Certificate of Service**

I HEREBY CERTIFY that, on this 5th day of August 2026, I electronically filed the foregoing document with United States Court of Appeals for the Second Circuit by using the Court's electronic filing system.

/s/ Victoria Mulvey, Esq
Bar Number: 343220