# 26-1016

IN THE

## United States Court of Appeals

FOR THE SECOND CIRCUIT

LYNNE FREEMAN,

*Plaintiff-Appellant*,

---v.---

TRACY DEEBS-ELKENANEY, p/k/a TRACY WOLFF; EMILY SYLVAN KIM; ENTANGLED PUBLISHING LLC; PROSPECT AGENCY, LLC; HOLTZBRINCK PUBLISHERS LLC, d/b/a MACMILLAN; and UNIVERSAL CITY STUDIOS LLC,

*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, Case No. 1:22-CV-02435-CM-SN

**REPLY BRIEF OF NATIONAL SOCIETY OF ENTERTAINMENT AND ARTS LAWYERS TO DEFENDANTS-APPELLEES' OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF**

**Steven T. Lowe, Esq.**
Lowe & Associates
8383 Wilshire Boulevard, Suite 1038
Los Angeles, California 90211
(310) 477-5811
steven@lowelaw.com
*Attorney for the National Society of Entertainment & Arts Lawyers*

**Victoria E. Mulvey, Esq.**
Blakely Law Group
1108 Manhattan Ave, Suite B,
Manhattan Beach, CA 90266
(310) 546-7400
vmulvey@blakelylawgroup.com
*Attorney for the National Society of Entertainment & Arts Lawyers*

## PRELIMINARY STATEMENT

The National Society of Entertainment and Arts Lawyers ("NSEAL") hereby submits this Reply to Defendants-Appellees' Opposition to NSEAL's Motion for Leave to File an Amicus Brief (Dkt. 82) (the "Opposition" or "Opp.").

Appellees attempt to prevent this Court from reviewing NSEAL's well-reasoned amicus brief by attacking NSEAL's independence and credibility. Appellees' Opposition rests largely on speculation concerning NSEAL's relationship with Plaintiff-Appellant's counsel. However, the community of attorneys representing artists in these types of disputes is not large, and many members of that community belong to NSEAL or similar volunteer advocacy organizations. (Declaration of Steven T. Lowe, hereinafter "Lowe Decl." ¶ 12). As discussed at length below, NSEAL independently identified this case months before the matter was even on appeal (Declaration of Victoria E. Mulvey, hereinafter "Mulvey Decl.," ¶3, independently determined that the issues implicated its institutional mission, completely screened Mr. Burroughs and Doniger/Burroughs from the preparation and approval of the brief, and complied fully with Federal Rule of Appellate Procedure 29(a)(4)(E).

## ARGUMENT

### I. NSEAL Independently Identified This Case and Decided to Participate Without Mr. Burroughs's Involvement

Appellees contend that NSEAL has failed to explain "who brought this matter to NSEAL" and "who at NSEAL decided that NSEAL should seek leave to file an amicus brief in this appeal." (Opp. at 8). The declarations of Steven T. Lowe and Victoria E. Mulvey, submitted concurrently herewith, answer both questions.

NSEAL President and CEO Steven T. Lowe regularly monitors developments in entertainment, copyright, and intellectual property law, including by reading *Law360*'s Media and Entertainment section regularly. (Lowe Decl. ¶ 6). Mr. Lowe first became aware of the District Court's decision in this matter through public reporting concerning the case, including Theresa Schliep's March 17, 2026 *Law360* article, *6,000 Pages of Romantasy Later, Judge Sinks Author's IP Suit*. (Lowe Decl. ¶ 6). Mr. Lowe identified the case as one warranting NSEAL's attention because he believed the decision implicated issues important to the organization's mission. *See* NSEAL's Motion for Leave (Dkt. 75); (Lowe Decl. ¶ 7). NSEAL's records reflect that, at Mr. Lowe's initiative, the case was discussed at an Executive Committee meeting the following day, March 18, 2026. Mr. Burroughs was not present at that meeting. (Lowe Decl. ¶ 7; Mulvey Decl. ¶3).

Mr. Lowe's initial interest in this case is unsurprising. The case has attracted substantial attention, including extensive coverage in *The New Yorker*, intellectual-property blogs and publications, and public discussion by Defendants themselves

on social media. (Lowe Decl. ¶ 6). More importantly, the decision implicates issues Mr. Lowe has studied and written about for years, including what he has described in articles about the erosion of meaningful copyright protection for creators. *See* Steven T. Lowe, *Death of Copyright*, L.A. LAWYER (Nov. 2010); Steven T. Lowe, *Death Of Copyright: The Sequel*, THE COMPUTER & INTERNET LAWYER (Sept. 2012); Steven T. Lowe, *Death of Copyright 3: The Awakening*, L.A. LAW., July/August 2018, at 28.

Mr. Lowe's actions on behalf of NSEAL with respect to the amicus brief are distinct from any involvement in NSEAL by Mr. Burroughs. (Lowe Decl. ¶ 8). Although both hold leadership positions within the organization, they do not jointly handle every NSEAL matter. Furthermore, Mr., Burroughs' firm is bicoastal, and extremely busy handling numerous cases on behalf of plaintiff creators as it has done for over 20 years, including *L.A. Printex Industries, Inc. v. Aeropostale, Inc.* and the ongoing *Cleveland Constantine Browne et al. V. Rodney Sebastian Clark Donalds et al.* (Lowe Decl. ¶ 12). Mr. Burroughs' involvement in numerous matters on behalf of creators does not mean that he participates in, or directs, every NSEAL matter implicating copyright law. Mr. Lowe's identification and initial consideration of this case was one such matter: his interest arose independently through his own monitoring of developments in copyright law, and it was Mr. Lowe who identified the case, brought it to the organization's attention,

and began considering whether its implications warranted NSEAL's involvement (Lowe Decl. ¶ 8).

Mr. Lowe later invited Stephen Doniger of Doniger/Burroughs to attend an Executive Committee meeting on June 3, 2026 to provide information concerning the litigation. (Lowe Decl. ¶¶ 9–10). By that time, Mr. Lowe and other NSEAL members had been following and discussing the matter since March, and NSEAL's law clerks had been instructed to familiarize themselves with the case in advance of Mr. Doniger's appearance. (Lowe Decl. ¶9). Mr. Doniger therefore spoke to NSEAL in response to Mr. Lowe's request. (Lowe Decl. ¶ 10; Mulvey Decl. ¶4). Neither Mr. Burroughs nor anyone at Doniger/Burroughs brought this case to Mr. Lowe or NSEAL or suggested that NSEAL submit an amicus brief. (Lowe Decl. ¶ 8; Mulvey Decl. ¶8). Thereafter, the Executive Committee (sans Mr. Burroughs) voted to proceed with the amicus brief. (Lowe Decl. ¶ 10; Mulvey Decl. ¶4).

## II. Mr. Burroughs and Doniger / Burroughs Were Screened from the Preparation and Approval of NSEAL's Amicus Brief, and No Ethical Violation Occurred

Appellees next characterize NSEAL's screening procedures as a "self-administered, undocumented internal screen" and question when and how the screen was implemented. (Opp. at 7–8). The accompanying declarations provide the factual context Appellees contend was absent from NSEAL's original Motion.

Because Doniger/Burroughs represented Plaintiff-Appellant, NSEAL recognized from the outset that Mr. Burroughs's affiliation with counsel for Plaintiff-Appellant required separation between him and those responsible for preparing NSEAL's submission, and screened him and his firm from any role in the preparation, review, approval, or content of NSEAL's proposed amicus brief. (Lowe Decl. ¶ 11; Mulvey Decl. ¶6). That screen has been in place since March 18, 2026, when NSEAL first began considering the case, and was not created only after Appellees declined to consent to NSEAL's filing, as the Opposition speculates.

Mr. Burroughs did not author any portion of the proposed brief and did not provide input concerning its substance. (Lowe Decl. ¶ 11; Mulvey Decl. ¶6). He was not shown drafts before filing and did not review, revise, approve, or direct the arguments presented in the brief. (Lowe Decl. ¶¶ 11, 14; Mulvey Decl. ¶6). The proposed brief was prepared independently by NSEAL attorneys who have no relationship whatsoever with Plaintiff-Appellant, namely Steven T. Lowe and Victoria E. Mulvey. (Lowe Decl. ¶ 11).

Appellees emphasize that Mr. Burroughs appeared as counsel of record for Plaintiff-Appellant in the District Court proceedings, including as the first attorney from Doniger/Burroughs to appear in the case, and suggest that NSEAL's Motion improperly omitted this detail. NSEAL's Motion accurately disclosed that "counsel

for Appellant includes Doniger/Burroughs, and a partner of that firm serves as NSEAL's East Coast Director" (the relevant fact) and concealed nothing by not reciting the full procedural history of Mr. Burroughs's appearances below. Moreover, the number of firms that primarily practice in this area is a relatively small number: Mr. Lowe has been practicing in this area of law since 1990 (Lowe Decl. ¶ 12).

Nor does Rule 29 require an amicus organization to maintain or submit the type of formal screening documentation Appellees now demand. The Rule requires disclosure concerning authorship and funding, not documentation of an organization's internal deliberations. NSEAL made those disclosures in its Motion and proposed brief and now provides additional factual detail and declarations in response to Appellees' speculation.

NSEAL never consulted Mr. Burroughs or Doniger/Burroughs on whether NSEAL should take on this amicus brief or on any aspect of its preparation, precisely because their firm has a financial interest in the underlying litigation as counsel of record for Plaintiff-Appellant.

NSEAL therefore stands by its disclosure under Federal Rule of Appellate Procedure 29(a)(4)(E): no party or party's counsel authored the proposed brief in whole or in part, and no party, party's counsel, or other person contributed money intended to fund the preparation or submission of the brief except as disclosed. On

this record, there is no obstacle to granting NSEAL's motion for leave to file its brief.

**III. NSEAL Has a Genuine Institutional Interest in This Appeal and Offers a Perspective Distinct From Plaintiff-Appellant's**

Appellees also attempt to characterize NSEAL as an organization advocating for its "own financial bottom line." That contention is offensive and misunderstands NSEAL's structure as a not for profit in which all attorneys work on a volunteer basis for the organization (Lowe Decl. ¶ 4; Mulvey Decl. ¶_2). Furthermore, identifying and participating in cases like this one is part of NSEAL's regular institutional work as an organization that advocates on behalf of creators and supports the lawyers who represent them. (Lowe Decl. ¶¶ 4, 7; Mulvey Decl. ¶3). In this case, NSEAL believes that the result reached by the District Court was inconsistent with the law and principles of justice.

NSEAL's interest in this appeal is not a pretext invented for this case, but a continuation of an established practice. (Lowe Decl. ¶ 5; Mulvey Decl. ¶¶3-4). NSEAL has previously participated as amicus curiae in significant copyright cases before the Supreme Court, including *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014); *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178 (2022); *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508 (2023); and *Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366 (2024), all of

which resulted in decisions consistent with the brief filed by NSEAL (or its predecessor the California Society of Entertainment Lawyers). NSEAL has been regularly appearing before federal courts on copyright questions affecting creators well before this dispute existed.

Further demonstrating NSEAL's longstanding institutional interest in these issues, NSEAL recently submitted an amicus brief in *Yonay v. Paramount Pictures Corp*., No. 26-61, in support of the petitioners' petition for a writ of certiorari before the United States Supreme Court (Lowe Decl. ¶ 5). The brief addressed copyright infringement and the proper framework for evaluating substantial similarity, including the treatment of unprotectable elements and the appropriate role of expert testimony regarding genre conventions and other elements in that analysis.

Notably, Mr. Burroughs did not become NSEAL's East Coast Director until 2023, after NSEAL's participation as amicus in *Unicolors*, and NSEAL's participation has continued during his tenure as East Coast Director without calling the organization's independence into question (Lowe Decl. ¶ 5).

Appellees place substantial weight on Mr. Burroughs's position within NSEAL and Doniger/Burroughs, but that affiliation reflects the realities of a small, specialized field rather than evidence of control. NSEAL is an organization of entertainment and arts lawyers, many of whom represent artists and creators in

precisely the types of matters that implicate NSEAL's institutional interests, so it is unsurprising that a member or officer may from time to time be affiliated with counsel in litigation presenting issues on which NSEAL independently wishes to speak. The same reality has broader practical consequences: because the attorneys who regularly represent individual authors and creators in complex copyright matters are relatively few, they are also the lawyers most likely to participate in organizations such as NSEAL. Under Appellees' theory, an attorney's representation of a creator in litigation could foreclose other attorneys in a volunteer organization from later participating as amicus on an issue of broader importance, even where the attorney is fully screened from the organization's decision-making and brief writing. That result would serve neither creators, who should not face a narrower pool of experienced counsel merely because those attorneys also devote time to organizations concerned with the development of the law in their practice area, nor the Court, which would lose the independent institutional perspective such organizations can offer. Rule 29 imposes no such requirement.

If anything, such a rule would discourage the participation that gives organizations like NSEAL their value, as lawyers with significant experience in their practice areas would have reason to avoid leadership roles in nonprofit legal organizations for fear that their involvement could later be invoked to disqualify

those organizations from appearing as amici. A genuine conflict can be addressed through appropriate screening, as it was here. Professional overlap within a specialized legal community should not become a basis for excluding either counsel or an independent amicus organization from participating altogether.

Nor is NSEAL's proposed brief merely duplicative of Plaintiff-Appellant's arguments, as Appellees suggest. Leave to file an amicus brief is warranted where the amicus offers "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." (Opp. at 6). NSEAL's brief satisfies that standard. Some overlap in briefing between a party and a supporting amicus is unavoidable (because both are arguing the same legal issues), but NSEAL does not simply restate Plaintiff-Appellant's case-specific arguments. It brings the collective perspective of an organized group of entertainment and copyright litigators to bear on how the District Court's methodology affects creators as a whole.

NSEAL's brief differs from Plaintiff-Appellant's in both scope and substance. First, NSEAL challenges the District Court's serial-filtration analysis as a doctrinal error that will govern future cases in this Circuit, not merely as error in comparing these two particular works. Second, NSEAL explains why evaluating *any* work's selection and arrangement at the level of generic themes threatens copyright protection industry-wide for the genre novelists, screenwriters, and

composers NSEAL's members represent—creators who, like Plaintiff-Appellant, build original works in familiar genres. Third, NSEAL argues that the District Court had no principled basis to rely on expert testimony to identify genre conventions, while categorically excluding that same expert testimony from the ultimate substantial-similarity comparison. It is a structural critique of the District Court's treatment of expert evidence, rather than a challenge to how the District Court weighed the experts' competing opinions in this case. Fourth, NSEAL documents, through empirical evidence spanning dozens of copyright infringement actions in this Circuit and the Ninth Circuit, a broader pattern in which courts resolve substantial similarity on summary judgment without a jury and without the benefit of qualified expert testimony (which in the present case was significant), and explains why that pattern creates tension with the constitutional purpose of copyright protection. Plaintiff-Appellant's brief necessarily focuses on demonstrating that the District Court erred in comparing her particular works to the Crave series. NSEAL's brief instead addresses what the District Court's methodology means for all creators and the attorneys (including many of NSEAL's members) who represent them. That is the perspective Federal Rule of Appellate Procedure 29 is designed to bring before this Court, and it is the kind of assistance "beyond the help that the lawyers for the parties are able to provide." (Opp. at 6). Appellees' effort to keep this Court from reviewing NSEAL's brief at all is itself

telling: it suggests that Appellees view NSEAL's perspective as substantial enough to warrant exclusion, not as the merely duplicative filler their Opposition otherwise describes.

### IV. NSEAL Has Not Mischaracterized the District Court's Decision

Appellees further accuse NSEAL of making "blatant misstatements" and "affirmatively misrepresent[ing] the Court's words." Those accusations misconstrue NSEAL's argument.

First, Appellees challenge NSEAL's characterization of the District Court's selection-and-arrangement analysis. NSEAL's brief (Dkt. 75, pg. 19) expressly addresses the District Court's statement, made "[f]or the avoidance of doubt," that it had considered whether the asserted similarities, "taken collectively, produce a protectable selection or arrangement which Crave appropriates," and concluded that "[t]hey do not." *See Freeman v. Deebs-Elkenaney*, 823 F. Supp. 3d, 433.

NSEAL's argument is not that the District Court literally failed to mention selection and arrangement. The argument is that the Court's brief collective-treatment statement came only after the Court had separately filtered the alleged similarities and therefore did not perform the integrated comparison required by this Circuit's selection-and-arrangement precedent. It summarily resolved the issue without addressing the multiple patterns of elements that were copied from Appellants work.

Second, Appellees challenge NSEAL's discussion of the District Court's statement that Freeman's "selection and arrangement of events is dictated by genre conventions and is consistent with what a reader would expect in any young adult paranormal romance story: loss; ignorance; young love; discovery; challenge; and overcoming challenge." *Freeman*, 823 F. Supp. 3d at 453. Appellees contend that this passage merely "describes the sequence of events a reader would expect in any young adult paranormal romance and reasons that plaintiff-appellant's arrangement tracks genre convention," and that "loss, ignorance and young love' may be necessary tropes or conventions in the young adult paranormal genre" that the District Court invoked "inside its selection-and-arrangement analysis." (Opp. at 9–10). While NSEAL agrees with that description, and it confirms rather than refutes NSEAL's point: within that analysis, the District Court reduced Freeman's claimed selection and arrangement of events to six generic words instead of examining her particular expressive choices—illustrating the impermissibly high level of abstraction at which the District Court conducted its analysis.

Appellees' suggestion that this interpretive disagreement "reeks of self-interest" is ironic, given that Appellees (not NSEAL) are the parties with a direct financial and professional stake in how this Court resolves the appeal. A disagreement over how to characterize a passage in a judicial opinion is a question of legal interpretation, not evidence of bias or bad faith. Appellees are free to argue

that NSEAL's reading of the District Court's opinion is incorrect; they are not entitled to recast that legal disagreement as misconduct. Whether Appellees ultimately agree with NSEAL's interpretation is a question concerning the merits of the proposed amicus arguments. It does not establish that NSEAL misrepresented the record, much less provide a basis for preventing the Court from considering NSEAL's brief.

## CONCLUSION

For the foregoing reasons, NSEAL respectfully requests that the Court overrule Appellees' objections and grant NSEAL's Motion for Leave to File an Amicus Brief.

Respectfully submitted,
Dated: August 25, 2026

/s/ Victoria Mulvey
**Victoria E. Mulvey, Esq.**
Blakely Law Group
1108 Manhattan Ave, Suite B,
Manhattan Beach, CA 90266
(310) 546-7400
vmulvey@blakelylawgroup.com
*Attorney for the National Society of Entertainment & Arts Lawyers*

CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Second Circuit Rules 29.1(c) and 32.1(a)(4)/Federal Rules of Appellate Procedure 29(a)(5) and 32(a)(7)] because this brief contains 2911 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f). This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Mac Version 16.95.1 (25031528) in 14 point TIMES NEW ROMAN font.

Dated: August 25th, 2026
Manhattan Beach, California

/s/ Victoria E. Mulvey__________

**Victoria E. Mulvey, Esq.**
*Attorney for the National Society of Entertainment & Arts Lawyers*

# 26-1016

IN THE

United States Court of Appeals

FOR THE SECOND CIRCUIT

LYNNE FREEMAN,

*Plaintiff-Appellant*,

---v.---

TRACY DEEBS-ELKENANEY, p/k/a TRACY WOLFF; EMILY SYLVAN KIM; ENTANGLED PUBLISHING LLC; PROSPECT AGENCY, LLC; HOLTZBRINCK PUBLISHERS LLC, d/b/a MACMILLAN; and UNIVERSAL CITY STUDIOS LLC,

*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, Case No. 1:22-CV-02435-CM-SN

**DECLARATION OF STEVEN T. LOWE, ESQ. IN SUPPORT OF REPLY BRIEF OF NATIONAL SOCIETY OF ENTERTAINMENT AND ARTS LAWYERS TO DEFENDANTS-APPELLEES' OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF FROM AMICUS CURIAE NATIONAL SOCIETY OF ENTERTAINMENT AND ARTS LAWYERS**

I, Steven T. Lowe, declare as follows:

1. I am the President and CEO of the National Society of Entertainment and Arts Lawyers ("NSEAL") and an attorney licensed to practice law in the State of California, multiple District Courts in the State of California, and before the United States Supreme Court.
2. I make this declaration upon personal knowledge and in support of NSEAL's Reply to Defendants-Appellees' Opposition to Motion for Leave to File Amicus Brief.
3. Appellees' Opposition raises questions concerning the circumstances surrounding NSEAL's decision to participate in this appeal and Mr. Burroughs's affiliation with counsel for Plaintiff-Appellant. I submit this declaration to provide the Court with the factual circumstances surrounding NSEAL's independent decision to participate and the measures taken to ensure that Mr. Burroughs and Doniger/Burroughs did not participate in or influence NSEAL's decision-making or preparation of its proposed amicus brief.
4. NSEAL is a not-for-profit organization dedicated to advocating on behalf of creators and artists and supporting the attorneys who represent them. NSEAL's attorneys serve the organization on a volunteer basis. As part of its regular institutional activities, NSEAL monitors legal developments

affecting creators and artists and identifies matters in which participation as amicus curiae may further the organization's mission.

5. NSEAL has a longstanding history of participating as amicus curiae in copyright matters, including before the United States Supreme Court. Mr. Burroughs became NSEAL's East Coast Director in 2023. He was not serving as East Coast Director when NSEAL participated as amicus curiae in *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178 (2022). Further demonstrating NSEAL's longstanding institutional interest in these issues, NSEAL recently submitted an amicus brief in *Yonay v. Paramount Pictures Corp*., No. 26-61, in support of the petitioners' petition for a writ of certiorari before the United States Supreme Court.

6. I regularly monitor developments in entertainment, copyright, and intellectual property law, including through legal publications such as Law360. In March 2026, I became aware of the District Court's decision in this matter through public reporting concerning the case, including a Law360 article titled "6,000 Pages of Romantasy Later, Judge Sinks Author's IP Suit" published on March 17, 2026. The case has received substantial public attention, including coverage in *The New Yorker*, to which I have subscribed for the past five (5) years (I read the article) and

intellectual-property blogs and publications. I am also aware that Defendants have discussed the case on public social media profiles.

7. The following day, on March 18, 2026, the case was discussed at a meeting of NSEAL's Executive Committee as part of the Committee's regular review of interesting and noteworthy cases and current developments in entertainment and intellectual property law. I raised the case in that context because I believed that the District Court's decision implicated issues of importance to NSEAL and its mission, particularly the protection of original works of authorship.

8. As set forth below, NSEAL's interest in participating in this matter originated independently within NSEAL. Neither NSEAL's East Coast Director, Scott Alan Burroughs, nor his partner at Doniger/Burroughs, Stephen Doniger, brought the case to my attention, and neither Mr. Burroughs, Mr. Doniger, nor anybody else from that firm suggested, requested, or encouraged NSEAL to participate as amicus curiae.

9. After NSEAL independently identified the case as one potentially warranting amicus participation, NSEAL continued to consider the case and the issues it presented over the following months. In connection with that consideration, NSEAL's law clerks were instructed to familiarize themselves

with the case before I invited Stephen Doniger of Doniger/Burroughs to speak with the NSEAL Executive Committee concerning the case.

10. Thereafter, at my insistence and request, Mr. Doniger discussed the case at the Executive Committee Meeting on June 3, 2026. At that meeting, the Committee further discussed the case and NSEAL independently determined that amicus participation would further its institutional mission and was consistent with that mission. The ultimate decision was made by unanimous vote of all attorneys and law clerks attending the Executive Committee Meeting, without Mr. Burroughs (or anybody else from his firm) present. Neither Mr. Burroughs nor Doniger/Burroughs participated in or influenced NSEAL's decision to file an amicus brief in this appeal.

11. Because Mr. Burroughs is affiliated with Doniger/Burroughs, counsel for Plaintiff-Appellant, NSEAL screened both Mr. Burroughs and the firm from all activity related to the preparation of the amicus brief. Neither Mr. Burroughs nor anyone at Doniger/Burroughs participated in the drafting, review, revision, or approval of the brief or provided input, feedback, or direction concerning its contents. The proposed brief was prepared independently by NSEAL volunteer attorneys and law clerks, including myself, and Victoria E. Mulvey.

12. I have practiced in the area of entertainment and IP litigation since approximately 1990 and am a co-founder of NSEAL. Based on my more than thirty-five (35) years of experience in this area, as well as my experience with NSEAL and my informal empirical assessment of the attorneys and firms practicing in this field nationwide, the universe of firms that practice in primarily plaintiff-side litigation representing creators and artists is relatively small. I estimate that fewer than thirty (30) firms nationwide primarily practice in this area. This is a relatively small and specialized community of attorneys. It is my understanding that Mr. Burroughs and his firm, Doniger/Burroughs, have represented plaintiff creators and artists for more than twenty (20) years. Among other matters, that firm represented the plaintiff-appellant in multiple important and high profile entertainment and/or IP cases including but certainly not limited to *L.A. Printex Industries, Inc. v. Aeropostale, Inc.*, 676 F.3d 841 (9th Cir. 2012), *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178 (2022), and presently represents plaintiffs in the high profile case of *Cleveland Constantine Browne et al. v. Rodney Sebastian Clark Donalds et al.,* No. 2:21-cv-02840-AB-AJR (C.D. Cal.).

13. Given the relatively small and specialized nature of this practice area and Doniger/Burroughs' longstanding representation of creators and artists, it is

neither unusual nor extraordinary that an NSEAL member, including an officer or director of the organization, may be affiliated with counsel representing a party in which NSEAL independently determined that amicus participation was warranted.

14. Neither Mr. Burroughs nor Doniger/Burroughs was provided with drafts of NSEAL's proposed amicus brief before it was filed.

15. Neither Mr. Burroughs nor Doniger/Burroughs provided funding for the preparation or submission of NSEAL's proposed amicus brief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 25th day of August 2026, at Beverly Hills, California.

/s/ Steven T. Lowe

**Steven T. Lowe, Esq.**
Lowe & Associates
8383 Wilshire Boulevard, Suite 1038
Los Angeles, California 90211
(310) 477-5811
steven@lowelaw.com
*Attorney for the National Society of Entertainment & Arts Lawyers*

# 26-1016

IN THE

## United States Court of Appeals

FOR THE SECOND CIRCUIT

LYNNE FREEMAN,

*Plaintiff-Appellant*,

---v.---

TRACY DEEBS-ELKENANEY, p/k/a TRACY WOLFF; EMILY SYLVAN KIM; ENTANGLED PUBLISHING LLC; PROSPECT AGENCY, LLC; HOLTZBRINCK PUBLISHERS LLC, d/b/a MACMILLAN; and UNIVERSAL CITY STUDIOS LLC,

*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, Case No. 1:22-CV-02435-CM-SN

**DECLARATION OF VICTORIA E. MULVEY, ESQ. IN SUPPORT OF AMICUS CURIAE NATIONAL SOCIETY OF ENTERTAINMENT AND ARTS LAWYERS REPLY TO DEFENDANTS-APPELLEES' OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF**

I, Victoria E. Mulvey, declare as follows:

1. I am an attorney duly licensed to practice law before this Court and attorney of record for Amicus the National Society of Entertainment and Arts Lawyers ("NSEAL"). I make this declaration in support of Amicus' Reply to Appellees' Opposition to Amicus' Motion for Leave to File Amicus Brief in the above-captioned Action. The facts stated herein are personally known to me and, if called upon to do so, I could and would testify competently thereto under oath.
2. I have been a member of NSEAL since 2022, and I have served on the organization's Executive Committee since approximately February 2025. I have only ever served NSEAL on a volunteer basis, as do all members of the Executive Committee. Since joining the Executive Committee, I have attended the vast majority of the Committee's weekly meetings.
3. I was present at the meeting on March 18, 2026, when my colleague Steven Lowe brought up the lower court's ruling in the present Action as part of the committee's regular review of developments in intellectual property law. I understand from reviewing the docket that, at that time, no Notice of Appeal had been filed, and it is my recollection that our discussion was limited to the legal issues implicated by the decision in the trial court (namely the

appropriate legal test for substantial similarity). Mr. Burroughs was not present at that meeting.

4. I was also present at the meeting on June 3, 2026, when Mr. Doniger attended, per Mr. Lowe's request, to discuss the ruling. It is my recollection that, during that meeting, Mr. Lowe first suggested that NSEAL may be interested in filing an amicus brief in the present appeal. I further recall that the Executive Committee voted on the matter (as we do on every prospective amicus brief) outside of the presence of Mr. Burroughs.
5. At no time have I ever heard Mr. Burroughs, Mr. Doniger, or any member of their firm suggest that NSEAL submit an amicus brief in the present appeal.
6. Mr. Burroughs was entirely screened from drafting, revising, and approving NSEAL's Amicus Brief, and any discussions surrounding the same. Mr. Burroughs did not read NSEAL's Brief before it was filed, nor did he have access to any prior drafts thereof.
7. NSEAL exists for the purpose of advocating for artists' rights and improving the state of the law with respect thereto. It is NSEAL's practice to participate as amicus curiae in cases where artists' rights are implicated.
8. Moreover, I have worked closely with Mr. Lowe for more than four years, and I have heard him discuss the proper test for substantial similarity in copyright infringement actions (and how the existing tests could be

Case 26-1016, 08/25/2026, DktEntry 85.3, (4 of 4)

improved) on countless occasions. It is a subject about which I know him to be passionate, and therefore it was not at all surprising to me when he suggested that NSEAL should act as amicus curiae in the present appeal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 25th day of August 2026, at Manhattan Beach, California.

/s/ Victoria E. Mulvey
**Victoria E. Mulvey, Esq.**
*Attorney for Amicus Curiae the National Society of Entertainment & Arts Lawyers*